**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

  Plaintiff,

v.              Case No. 96-CR-20045

TORYE SHEVAR GILBERT,

  Defendant.
                /

**OPINION AND ORDER DENYING DEFENDANT'S MOTION TO
REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2)**

On January 15, 2008, Defendant Torye Shevar Gilbert filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). The motion is based on the passage of an amendment to the federal Sentencing Guidelines, recently given retroactive effect, that lowered the range applicable to the cocaine base offense for which Defendant was convicted. The court will, for the reasons stated below, deny Defendant's motion.

**I. BACKGROUND**

In October of 1996, Defendant was indicted on one count of distributing cocaine base (commonly known as crack cocaine) and one count of possessing cocaine base with intent to distribute it. *United States v. Gilbert*, 173 F.3d 974, 977 (6th Cir. 1999). Defendant and the government entered a plea agreement, under which the possession charge was dropped and Defendant plead guilty to the distribution charge. *Id.* This court accepted with minor modification the probation officer's recommendation that Defendant be held responsible for 220.72 grams of cocaine base, placing his base offense level at 34. *Id.* The court added two levels for obstruction of justice because

Defendant perjured himself at the sentencing hearing and the court did not grant a reduction for acceptance of responsibility, settling the total offense level at 36. *Id.* Defendant's criminal history category (Category I) fixed his sentence range at 188-235 months, and the court imposed a custodial sentence of 190 months. *Id.*

On November 1, 2007, the Sentencing Commission lowered the offense levels assigned to cocaine base crimes in an effort to correct the disparity between sentences for cocaine base offenses and other drug offenses. U.S. Sentencing Guidelines Manual ("U.S.S.G.") app. C amend. 706 (2007). On March 3, 2008, these amendments became retroactive. U.S.S.G. app. C amend. 716 (Supp. May 1, 2008). Defendant subsequently filed this motion to reduce his sentence. The parties stipulate that Defendant is eligible for a reduction pursuant to 18 U.S.C. § 3582(c)(2) based upon Amendment 706, and that the court has the discretion to grant this reduction. (5/7/08 Stipulation.) They further stipulate that Defendant's total offense level under the amended Guidelines is 34 – the new base offense figure of 32 plus the additional two levels added for Defendant's perjury – and his new sentencing range is 151-188 months. (*Id.*)

## II. STANDARD

A district court may reduce a defendant's sentence if modification is authorized by statute. *United States v. Ross*, 245 F.3d 586 (6th Cir. 2001). 18 U.S.C. § 3582(c)(2) allows a court to "reduce the term of imprisonment" "in the case of a defendant who has been sentenced . . . based on a sentencing range that has subsequently been lowered by the Sentencing Commission," provided that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The Sentencing Commission has issued a policy statement regarding

2

sentence reductions pursuant to § 3582(c)(2), which (1) outlines those situations in which a prisoner is eligible for a reduction under the statute, (2) lists the factors a court must take into account when considering a defendant's sentence reduction and (3) puts limitations on the extent to which a court may reduce a sentence.  *See* U.S.S.G. § 1B1.10.

First, § 3582(c)(2) can apply only to those amendments listed in its subsection (c), U.S.S.G. § 1B1.10(a)(1), which as of March 3, 2008 includes the amendment modifying the guideline range for cocaine base offenses.[1]  *See* U.S.S.G. § 1B1.10(c) ("Covered Amendments. . . . 706 as amended by 711 . . . .").  § 3582(c)(2) does not cover those defendants to whom no subsection (c) amendment applies, U.S.S.G. § 1B1.10(a)(2)(A), nor those for whom an applicable subsection (c) amendment would have no lowering effect.  U.S.S.G. § 1B1.10(a)(2)(B).

Second, when deciding whether and to what extent to reduce a defendant's sentence under § 3582(c)(2), the court must consider those factors listed in the policy statement.  A prisoner is not guaranteed a sentence reduction pursuant to § 3582(c)(2) as a matter of right; rather, the court has the discretion to deny a § 3582(c)(2) motion.  *United States v. Ursery*, 109 F.3d 1129, 1137 (6th Cir. 1997); *see also* 18 U.S.C. § 3582(c)(2) ("[T]he court *may* reduce the term of imprisonment . . . ." (emphasis added)).  When exercising this discretion, the court must first take into account "the amended guideline rage that would have been applicable to the defendant if the amendment(s) to the guidelines . . . had been in effect at the time the defendant was sentenced."

---

[1]The Sentencing Commission made retroactive Amendment 706's lower ranges for cocaine base offenses by amending its policy statement on 18 U.S.C. § 3582(c)(2) to include 706 as one of amendments to which the statute can apply.  *See* U.S.S.G. § 1B1.10(c).

3

U.S.S.G. § 1B1.10(b)(1). When deciding the amended guideline range, "the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." *Id.* Additionally, the court must take into consideration the factors set forth in 18 U.S.C. § 3553(a),[2] U.S.S.G. § 1B1.10 cmt. n.1; 18 U.S.C. § 3582(c)(2), and "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment." U.S.S.G. § 1B1.10 cmt. n.1. Finally, "[t]he court may consider post-sentencing conduct of the defendant that occurred after the imposition of the original term of imprisonment." *Id.*

Third, if the court decides to grant a § 3582(c)(2) motion, there are some limitations on the extent to which a defendant's sentence may be reduced. The court cannot reduce a sentence to below the minimum of the amended guideline range, U.S.S.G. § 1B1.10(b)(2)(A), unless "the original term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of the sentencing." U.S.S.G. § 1B1.10(b)(2)(B). If this is the case, "a reduction comparably less than the amended guideline range . . . may be appropriate." *Id.* However, "if the original term of imprisonment constituted a non-guideline sentence determined pursuant to 18 U.S.C. § 3553(a) and *United States v. Booker*, 543 U.S. 220 (2005), a further reduction generally would not be appropriate."

---

[2]These factors are (1) the nature and circumstances of the offense and the history and characteristics of the defendant, (2) the need for the sentence imposed to reflect the purposes of penal punishment, including retributivism, deterrence, incapacitation, and rehabilitation, (3) the kinds of sentences available, (4) the applicable sentencing range under the guidelines, (5) any pertinent policy statement issued by the Sentencing Commission, (6) the need to avoid unwarranted sentencing disparities and (7) the need to provide restitution to any victims. 18 U.S.C. § 3553(a).

*Id.* Further, the reduced sentence can never be lower than time already served by the defendant. U.S.S.G. § 1B1.10(b)(2)(C).

## III. DISCUSSION

The court agrees with the stipulation that Defendant is eligible for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), as construed in the Sentencing Commission's policy statement, due to Amendment 706 to the Guidelines. Amendment 706 is listed in subsection (c) of the policy statement, U.S.S.G. § 1B1.10(a)(1), (c), and it both applies to and would have a lowering effect on Defendant's sentencing range. U.S.S.G. § 1B1.10(a)(2). Thus, the court must determine, in light of Defendant's amended guideline range, whether the factors listed in 18 U.S.C. § 3553(a), public safety considerations and Defendant's post-sentencing conduct recommend a sentence reduction. Defendant's post-sentencing conduct has been poor and his behavior before and after incarceration demonstrates public safety concerns. Therefore, a reduction in his term of imprisonment is not warranted.

The probation officer's § 1B1.10 Report indicates that Defendant's post-sentencing conduct has been, to say the least, problematic. A May 17, 2008 progress report from the United States Bureau of Prisons indicates that his overall institutional adjustment has been poor. (6/2/02 Mem., § 1B1.10 Report.) Though he passed his GED test in August 2001 and has participated in some educational programs, he has had poor compliance with the goals recommended to him at his program reviews. (*Id.*) More troubling is Defendant's disciplinary record. Since his incarceration, Defendant has received nine incident reports and served eight detentions in the Special Housing Unit. (*Id.*) Overall, Defendant's record indicates that he has yet to grasp the

5

"seriousness of [his] offense" or cultivate a "respect for the law."  18 U.S.C. § 3553(a)(2)(A).

Beyond the implication that Defendant's poor post-sentencing conduct renders him undeserving of a sentence reduction, his behavior demonstrates an even greater public safety concern.  Of Defendant's nine incident reports, three were for possessing or using drugs/intoxicants and one was for fighting.  (6/2/02 Mem., § 1B1.10 Report.)  The incident report for fighting involved an altercation with two other inmates who "disrespected" Defendant, one of whom Defendant stabbed twice in the face with a pair of scissors from the prison barber shop.  (*Id.*)  Defendant appears to have had dangerous tendencies before his incarceration as well.  Between Defendant's guilty plea and sentencing, he faced charges for committing and conspiring to commit assault with intent to murder based on his alleged involvement in a drive-by shooting.[3]  (*Id.*)

Given this history, the public should be protected from Defendant's violent and anti-social behavior.  The court fixed Defendant's original 190-month sentence at the low end of the then-applicable 188-235 months guideline range.  Because Defendant's amended guideline range is 151-188 months, modification to a comparable sentence would call for lowering the term of imprisonment to approximately 153 months.  Such a reduction would result in Defendant's immediate release due to time served.  This is a sentence the court refuses to impose.  Pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10, the court will deny Defendant's motion for a reduction in sentence.

## IV.  CONCLUSION

---

[3]These charges were nolle prossed on March 10, 1997 due to witnesses failing to appear.

6

IT IS ORDERED that the Defendant's "Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2)" [Dkt. # 61] is DENIED.

    s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: July 22, 2008

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 22, 2008, by electronic and/or ordinary mail.

    s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522